**SOUTHWELL & O'ROURKE PS**
Kevin O'Rourke (WSBA 28912)
*kevin@southwellorourke.com*
421 W. Riverside Avenue, Suite 960
Spokane, WA 99201
Telephone: (509) 624-0159

Local Counsel for
*Shandong Yongchang Logistics Group Co., Ltd*

**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel: (949) 833-8483; Fax: (866) 881-5007

**PAUL V. REZA LAW**
Paul V. Reza (SBN 113512)
*Paul@pvrlaw.com*
30012 Ivy Glenn Dr., Ste. 285
Laguna Niguel, CA 92677
Tel: (949) 496-0718; Fax: 949-496-7654

Lead Counsel for
*Shandong Yongchang Logistics Group Co., Ltd*

# UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ICAP ENTERPRISES, INC., et al.,<br><br>Debtors.[1] | Lead Case No. 23-01243-WLH11<br><br>Chapter 11<br><br>Jointly Administered |

---

[1] The Debtors (along with their case numbers) are as follows: iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault I, LLC (23-01257-11); Vault Holding I, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes, LLC (23-01262-11); iCap @UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village, LLC (23-01263-11); iCap Funding, LLC (23-

1
COMPLAINT FOR DECLARATORY JUDGMENT

| | |
|---|---|
| Shandong Yongchang Logistics Group Co., Ltd, a Chinese Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>iCap Vault 1, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Chapter 11<br><br>Adv. No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Shandong Yongchang Logistics Group Co., Ltd. ("SYL" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant iCap Vault 1, LLC ("Vault 1" or "Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding relates to <u>In re iCap Vault 1, LLC</u>, Case No. 23-01257-WLH11, a Chapter 11 proceeding pending in this Court. This Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a) as Plaintiff, on the one hand, and Defendant on the other, are citizens of a foreign country and a state of the United States, and the amount in controversy exceeds $75,000, excluding interest and costs. This Court also has subject matter jurisdiction over Plaintiff's suit because it is "an action of a civil nature in which the District Courts of the United States have been given jurisdiction in that it is related to a petition under Title 11 of the United States Code within the meaning of 28 U.S.C. § 1334." Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (b)(2). Plaintiff

---

01246-11); iCap Management, LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development, LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

entered into written contracts with Defendant which provide that the contract was to be performed in the United States, and that any dispute arising under their agreements shall be brought in the courts of the United States.

## THE PARTIES

3. Plaintiff is a corporation organized under the laws of China, having its principal place of business at Room 302, Floor 3, Corridor, No. 1399, Xinyuan Avenue, Sangzidian, Tianqiao District, Jinan City, Shandong Province.

4. Defendant Vault 1 is, and at all times material to this proceeding was, the debtor in the Chapter 11 bankruptcy proceedings discussed above and below.

## FACTUAL ALLEGATIONS

5. In and around June 2021, Plaintiff entered into a Cooperation Agreement ("Agreement") with Defendant Vault 1, represented by Christopher J. Christensen ("Christensen"). A true and correct copy of the Cooperation Agreement is attached to this Complaint as **Exhibit 1**.

6. Pursuant to the Cooperation Agreement, Defendant Vault 1 was entrusted with establishing a limited liability company in the United States, known as iCap International Investment, LLC ("iCap International") and was responsible for setting up an independent bank account at Umpqua Bank ("Bank Account"), in iCap International's name, to securely receive and hold funds wired from China on behalf of Plaintiff.

7. Pursuant to the Cooperation Agreement, it was the intent of the parties that Defendant Vault 1 not acquire any beneficial interest in the funds. Pursuant to the Agreement, Plaintiff was the owner of the funds and Defendant was obligated to safeguard the funds for Plaintiff and transfer them to a designated account upon Plaintiff's request. In exchange for these services, Plaintiff agreed to pay Defendant a three percent (3%) escrow fee for every $10,000,000.00 deposited in the Bank Account.

8. In accordance with clause 2.3 of the Agreement, Plaintiff transferred $500,000.00 as a security deposit to the Bank Account for any associated costs, fees, escrow fee, and taxes that might arise from the depositing, remitting, and conducting the entrusted matters as agreed

between the parties.

9. Subsequently, Plaintiff wired additional funds to the Bank Account. As of April 18, 2023, Plaintiff had transferred a total of $28,864,293.51 into the Bank Account through agent accounts, comprising the $500,000.00 security deposit and $28,364,293.51 in funds.

10. Defendant Vault 1 purportedly transferred a portion of these funds to iCap International. The approximate amount of funds that were in iCap International's bank account and wired pursuant to Plaintiff's instructions was $25,589,783.80.

11. However, the remaining amount of $3,614,521.65, intended to be wired pursuant to Plaintiff's instructions, has not been wired pursuant to Plaintiff's instructions and has not been returned to Plaintiff.

12. According to Defendant Vault 1's Form 10-K Annual Report for the fiscal year ended December 31, 2020, Christensen serves as the Chief Executive Officer and a manager of Vault 1. Defendant Vault 1 was evidently under the apparent control of Christensen, who coordinated these financial transactions and failed to wire them pursuant to Plaintiff's instructions or return them to Plaintiff. A true and correct copy of the Annual Report is attached to this Complaint as **Exhibit 2**.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT
## (FRBP 7001(1))

13. Plaintiff refers to and incorporates by reference each and every allegation in the preceding paragraphs, as if fully set forth herein.

14. Plaintiff contends that pursuant to the Cooperation Agreement, and because it was the owner of the transferred funds, the funds were entrusted to Defendant, and Defendant was obligated to safeguard the funds for Plaintiff and transfer them to a designated account upon Plaintiff's request, there is a resulting trust over the funds in the amount of $3,614,521.65 that have not been transferred and the funds are not property of Defendant's bankruptcy estate.

15. An actual, present and justiciable controversy has arisen Plaintiff and Defendant regarding whether there is a resulting trust over the funds in the amount of $3,614,521.65 that

have not been transferred and the funds are property of Defendant's bankruptcy estate.

16. Plaintiff seeks a declaratory judgment that there is a resulting trust over the funds in the amount of $3,614,521.65 that have not been transferred and the funds are not property of Defendant's bankruptcy estate.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff prays for judgment as follows:

1. For a declaratory judgment that there is a resulting trust over the funds in the amount of $3,614,521.65 that have not been transferred and the funds are not property of Defendant's bankruptcy estate, and that the funds be turned over to Plaintiff;

2. For costs of suit, attorney's fees if and to the extent allowed by law; and

3. For such other and further relief as the court may deem just and proper.

DATED this 27th day of June, 2024.

       /s/ Kevin O'Rourke
KEVIN O'ROURKE (WSBA 28912)
SOUTHWELL & O'ROURKE, P.S.

Local Counsel to
*Shandong Yongchang Logistics Group Co., Ltd*

And

       /s/ Jeffrey C.P. Wang
JEFFREY C.P. WANG
WHGC, P.L.C.

       /s/ Paul V. Reza
PAUL V. REZA
PAUL V. REZA LAW

Lead Counsel to *Shandong Yongchang Logistics Group Co., Ltd*

5
COMPLAINT FOR DECLARATORY JUDGMENT

24-80018-WLH    Doc 1    Filed 06/27/24    Entered 06/27/24 18:02:11    Pg 5 of 5